UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTEGRATED CONNECTION, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>FORTNA, INC.,<br><br>   Defendant. | Case No. 1:25-CV-7904<br><br>**STIPULATION AND ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Plaintiff and counterclaim-defendant Integrated Connection, LLC ("ICL") and defendant and counterclaim-plaintiff Fortna, Inc. ("Fortna") (collectively, the "Parties" and each a "Party"), through their attorneys of record, hereby stipulate that this Stipulation Regarding Discovery of Electronically Stored Information (the "Stipulation") shall govern the Parties in the above-captioned action (the "Action").

## I.    GENERAL PROVISIONS

The Parties will make reasonable efforts to prepare responsive and non-privileged data for production in accordance with the agreed-upon specifications set forth below as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules. These specifications apply to electronically stored information ("ESI"), hard copy documents, and other responsive data or material which is to be produced in this Action.

### A.    COOPERATION AND PROPORTIONALITY

The parties are aware of the importance of cooperation and commit to cooperate in good faith throughout the matter to promote the "just, speedy, and inexpensive determination" of this action, as required by Rule 1 of the Federal Rules of Civil Procedure.  The parties' cooperation includes propounding reasonably particular discovery requests, identifying appropriate limits to ESI discovery, including limits on custodians, identifying relevant and discoverable ESI,

1

establishing time periods for ESI production and other parameters to limit and guide ESI discovery issues. The parties agree to use reasonable, good faith, and proportional efforts to preserve, identify, and produce relevant and discoverable information consistent with Rule 26(b)(1) of the Federal Rules of Civil Procedure.

### B. SECURITY.

The Parties will make reasonable efforts to ensure that any productions made are free from viruses and, unless impracticable or otherwise agreed upon, encrypted and password protected prior to production.

### C. CONFIDENTIALITY DESIGNATION.

Responsive documents in TIFF format and those produced in native format will be identified with appropriate confidentiality designations in accordance with the applicable Confidentiality Stipulation and Protective Order in this Action. Each responsive document produced in TIFF format or native format will have its confidentiality designation identified.

### D. NON-STANDARD FILES.

Prior to the production of non-standard electronic files, large or oversized documents, transparencies, etc., the Parties will discuss and agree to the format of any such production to optimize for cost, convenience, accessibility, and other considerations.

### D. PRODUCTION MEDIA.

Documents shall be produced via secure electronic transfer and download links, or other agreed upon media where necessary ("Production Media"). Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001", "VOL002"), as well as the volume of the material in that production (e.g. "-001", "-002"). Each piece of Production Media shall also identify: (1) the producing Party's name; (2) the production

date; and (3) the Bates number range of the materials contained on the Production Media, to the extent possible.  ICL contemplates that the Bates range will be specified in its production letter.

The production material should be produced in folders containing (1) the image files, (2) the text searchable files, and (3) the native files. The production material shall be accompanied by load files in the manner described in Section III.D below.

## II.    DATA PROCESSING

### A.    KEYWORD SEARCHING.

The Parties agree that each producing party is best situated to determine the most appropriate method or methods for that producing party to search, collect, cull, and produce documents responsive to discovery.  The parties agree that in responding to an initial request under Rule 34 of the Federal Rules of Civil Procedure, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production.

To the extent that keywords are used in limiting the universe of potentially responsive documents to be reviewed, any search methodology employed must open compound and nested files (e.g., zip files). The search utilities employed must enable the use of stemmed searches (e.g. using "!" or "*" to include variations on a keyword) and Boolean searches.

### B.    TECHNOLOGY ASSISTED REVIEW.

A party may use technology assisted review (TAR) or similar advanced analytics to filter out or exclude non-responsive documents.  A producing party need not disclose whether it is using TAR, Continuous Active Learning (CAL), or any other predictive coding to prioritize review of documents collected.  A receiving party may request the following information about a producing party's use of TAR or similar advanced analytics limited to the following: (1) the custodians and data sources against which TAR or advanced analytics will be run; (2) the TAR or advanced

analytics tool being used and vendor; and (3) the measure(s) used to validate the results of the TAR methodology or similar advanced analytics.

C.    CULLING/FILTERING.

Each Party will use its reasonable efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of system file types based on file extension may include, but are not limited to: WINNT, LOGS, DRVS, MP3, C++ Program File (c) , C++ Builder 6 (cpp), Channel Definition Format (cdf), Creatures Object Sources (cos), Dictionary file (dic), Executable (exe), Hypertext Cascading Style Sheet (css), JavaScript Source Code (js), Label Pro Data File (IPD), Office Data File (NICK), Office Profile Settings (ops), Outlook Rules Wizard File (rwz), Scrap Object, System File (dll), Temporary File (tmp), Windows Error Dump (dmp), Windows Media Player Skin Package (wmz), Windows NT/2000 Event View Log file (evt), Python Script files (.py, .pyc, .pud, .pyw), and Program Installers.

D.    DEDUPLICATION.

The Parties are only required to produce a single copy of a responsive email and may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across Custodians. For emails with attachments, the hash value is generated based on the parent/child document grouping. The Parties may utilize "email thread suppression," and may withhold subordinate threads from review and production provided the fully inclusive thread, including all attachments that were attached by any sender of any email in such email thread, will be produced.

A Party may also de-duplicate "near-duplicate" email threads as follows: In an email thread, only the final-in-time document need be produced, if all previous emails in the thread are

4

contained within the final message. Where a prior email contains an attachment, that email and attachment shall not be removed as a "near-duplicate." To the extent that de-duplication through MD5 or SHA-1 hash values is not possible, the Parties shall meet and confer to discuss any other proposed method of de-duplication. Further, a Party receiving a production may request that an individual email or portion of an email chain be re-produced as a separate document, in a manner that excludes all later-in-time emails or attachments from the file and TIFF image.

## III. <u>PRODUCTION OF ELECTRONICALLY STORED INFORMATION</u>

### A. METADATA FIELDS AND PROCESSING.

Each of the metadata and coding fields set forth in Appendix 1 shall be produced for every document with all available metadata that can be extracted provided. With the exception of prior production materials for which metadata is not available, the Parties are not obligated to populate manually any of the fields in Appendix 1 if such fields cannot be extracted from a document, with the exception of the following: (a) BEGBATES, (b) ENDBATES, (c) BEGATTACH (or BEGFAMILY), (d) ENDATTACH (or ENDFAMILY); (e) CUSTODIAN, (f) CONFIDENTIALITY, and (g) REDACTED, which should be populated by the Party or the Party's vendor. The Parties will make reasonable efforts to ensure that metadata fields automatically extracted from the documents are correct, however, the Parties acknowledge that such metadata may not always be accurate and might instead contain irrelevant or incorrect information generated during the collection process. Parties may request other native files be produced as described in Section III.I below. Parties shall produce all ESI normalized to Coordinated Universal Time (UTC).

**B.     TIFFs.**

Unless excepted below, single page TIFFs should be provided, in a format of at least 300 dots per inch (dpi) resolution. If an original document contains color and the document is not produced in color, and color is necessary to understand the meaning or content of the document, reasonable requests for the re-production of specific documents in the form of 300 DPI, color JPG images, will not be denied. Each TIFF image file should be one page and named according to the unique Bates number, followed by the extension ".TIF".

**C.     TEXT FILES**

For each document, a text file should be provided along with the image files and metadata. The text of native files should be extracted directly from the native file. However, if a document has been redacted or does not contain extractable text, OCR of the redacted document will suffice in lieu of extracted text.

**D.     DATABASE LOAD FILES/CROSS-REFERENCE FILES.**

Each Production Media shall include: (a) An ASCII delimited data file (.txt, .dat, or .csv), and (b) an image load file that can be loaded into commercially acceptable production software (e.g., Relativity). Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of documents in a production should match the total number of records in the database load file.

**E.     BATES NUMBERING.**

All TIFF images, and each Native file, must be assigned a unique Bates number that is sequential within a given document and across the production sets. The Bates numbering should

start with a unique prefix identifying the producing Party and should sequentially number the images, and Native files, being produced.

### F.    SPREADSHEETS.

The Parties shall produce spreadsheets (e.g., MS Excel) in native format unless redacted, in which instance spreadsheets may be produced in TIFF with OCR of the redacted document. ICL has the ability to produce redacted versions of spreadsheets in native format and will do so if necessary. Native copies of spreadsheets should be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in Appendix 1.[1] A TIFF placeholder indicating the document was provided in native format should accompany the database record. The Parties will ensure that any spreadsheets that are produced only as TIFF images are formatted so as to be readable. The Parties will take reasonable efforts to make redacted spreadsheets available in native format if TIFF images are unusable or are missing material information.

### G.    PROPRIETARY FILES.

To the extent a response to discovery requires production of ESI accessible only through proprietary software, the Parties should continue to preserve each version of such information. The Parties shall meet and confer to finalize the appropriate production format.

### H.    REQUEST(S) FOR ADDITIONAL NATIVE FILES.

In addition to the re-production of native spreadsheets described above, if good cause exists to request production of specified files, other than those set forth above, in native format, a Party may request such production and provide an explanation of the need for native file review, which

---

[1] ICL's document production platform does not distinguish email subject from the subject metadata for non-emails. ICL will either provide a single Subject field or put the same information into both separate fields.

request shall not unreasonably be denied. Any native files that are produced should be produced with a link in the NativeLink field, along with all extracted text and applicable metadata fields.

### I.    WITHHOLDING AND REDACTION OF INFORMATION.

If documents are withheld from production and/or redacted on the basis of a claim of privilege or protection from disclosure (the "Withheld Documents"), within thirty (30) days of production, the producing Party shall supply a list of the documents for any claim(s) of privilege, indicating the date of the Withheld Documents, the Beginning Bates of the Withheld Documents (to the extent produced with redactions), the sender(s), the recipient(s), the nature of the withheld and/or redacted information, and the grounds for withholding and/or redaction within the agreed upon time for the production and service of privilege and redaction logs in the Action. During the course of the Action, an electronic copy of the originally unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therewith.

### IV.    PRODUCTION OF HARD COPY DOCUMENTS

#### A.    CUSTODIAN HARD COPY DOCUMENTS TO BE PRODUCED IN TIFF IMAGE FORMAT.

Responsive documents located in the workplace(s) of any Custodian and that exist in hard copy format only shall be scanned and produced as single page TIFFs, with at least 300 dots per inch (dpi) resolution. Each TIFF image shall be named according to the corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and agreed upon confidentiality designation. TIFFs shall show all text and images that would be visible to a user of the hard copy documents. The following requirements apply to any hard copy documents produced:

1.    Unitizing of Documents.

In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). The Parties will use reasonable efforts to unitize documents correctly. Exception is taken when the collected document was originally in a format which does not have logical or sequential pagination. In that instance, the original pagination or order of the document shall be maintained.

2.    OCR Text Files.

A commercially acceptable technology for optical character recognition "OCR" shall be used for all scanned, hard copy documents. OCR text shall be provided as a single text file for each document, and the file name itself should match its respective TIFF file name. The text files will not contain the redacted portions of the documents.

3.    Database Load Files/Cross-Reference Files.

Documents should be provided with (a) an ASCII delimited data file (.txt, .dat, or .csv), and (b) an image load file that can be loaded into commercially acceptable production software (e.g., Relativity). Each TIFF in a production must be referenced in the corresponding image load file.

4.    Coding Fields.

At least the following metadata information shall be produced in the delimited data file accompanying hard copy documents: (a) BEGBATES, (b) ENDBATES, (c) CUSTODIAN, (d) CONFIDENTIALITY, and (e) REDACTED.

5.    Bates Numbering.

All images must be assigned a unique Bates number that is sequential within a given document and across the production sets. The Bates numbering should start with a unique prefix identifying the producing Party and should sequentially number the images being produced.

## V.    PROCESSING OF THIRD-PARTY DOCUMENTS

A Party that issues a non-party subpoena ("Issuing Party") shall include a copy of this Stipulation with the subpoena and state that the Parties to the Action have requested that third-parties produce documents in accordance with the specifications set forth herein. The Issuing Party shall produce any documents obtained or received pursuant to a non-party subpoena to all other Parties to the Action within seven (7) days of receipt of those documents by the Issuing Party. If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing it to the other Parties. Nothing in this stipulation is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or third-parties to object to a subpoena.

## VI.    MISCELLANEOUS PROVISIONS

### A.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS.

If documents and/or information that the producing Party reasonably believes are subject to and protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity are inadvertently produced ("Protected Information"), the producing Party shall take reasonable steps to correct the error, including a request to the receiving Party to return or destroy such Protected Information. The inadvertent production of any document or ESI protected by attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity, is not a waiver in the pending Action or in any other federal or state

proceeding. Moreover, the mere production of ESI in the Action as part of a mass production shall not itself constitute a waiver for any purpose.

Upon request by the producing Party for the return of Protected Information, the receiving Party shall promptly return the Protected Information and destroy all copies thereof. Should any Party object to the producing Party's assertion that Protected Information has inadvertently been produced, the producing Party shall move the Court for an order compelling the return of the Protected Information on the ground it is privileged or protected.

## B.    OBJECTIONS PRESERVED.

Nothing in this agreement shall be interpreted to require disclosure of otherwise non-discoverable information or information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

## C.    COUNTERPARTS.

This Stipulation may be executed in counterparts.

**Dated**: January 5, 2026

| | |
|---|---|
| BENESCH FRIEDLANDER COPLAN & ARONOFF LLP | PRYOR CASHMAN LLP |
| By:  */s/ John C. Gentile*<br>John C. Gentile (NY 6138028)<br>1155 Avenue of the Americas<br>26th Floor<br>New York, New York 10036<br>(302) 442-7010<br>jgentile@beneschlaw.com<br><br>*Attorneys for Plaintiff*<br>*Integrated Connection, LLC* | By:  */s/ Matthew C. Lamb*<br>Matthew C. Lamb<br>7 Times Square<br>New York, New York 10036<br>(212) 421-4100<br>mlamb@pryorcashman.com<br><br>*Attorneys for Defendant FORTNA, Inc.* |

SO ORDERED.

_____January 12__, 2026

_____
HON. JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE

## **APPENDIX 1**

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH (or BEGFAMILY) | First production Bates number of the first document in a family |
| ENDATTACH (or ENDFAMILY) | Last production Bates number of the last document in a family |
| CUSTODIAN | Individual from whom the documents originated |
| NATIVELINK | Native File Link (e.g., Excel files and Powerpoint files) |
| SUBJECT | Subject line of email |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TIMESENT | Time email was sent |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value in the Author field of the document properties |
| LASTAUTHOR (Edoc only) | The name of the last author as identified by the metadata of the produced document |
| FILENAME (Edoc only) | File name of an electronic document |
| FILE EXTENSION | The file or document extension of the produced document |
| FILEPATH | The original file path to the produced document |
| FILESIZE | The original file size of the produced document |
| DATEMOD (Edoc only) | Date an electronic document was last modified (format: MM/DD/YYYY) |
| TIMEMOD (Edoc only) | Time an electronic document was last modified (format: HR:MN AM/PM) |
| DATECREATED (Edoc only) | Date the document was created (format: MM/DD/YYYY) |
| TIMECREATED (Edoc only) | Time an electronic document was last modified (format: HR:MN AM/PM) |
| CONVERSATIONINDEX (Email Only) | The conversation index extracted from the produced email message |
| PAGES | The number of pages of a produced document |
| MD5HASH | A calculated value unique to each identical file. The producing party may substitute the SHA1 Hash value, but will name the field accordingly to indicate such |
| TEXTPATH | Path to the associated multi-page/document level text file for each produced document |
| CONFLABEL | The confidentiality designation of the produced file. |
| REDACTED | Identifies whether or not the produced file is redacted |
| PRODVOLUME | The production volume associated with the produced file |

| Field Name | Field Description |
|---|---|
| PARENTID | First bates number of the first page in a parent/child email relationship |
| ATTACHIDS | Populates parent records with bates numbers of each attachment separated by semi-colons |
| NUMATTACH | Total number of records attached to the document |
| DUPE_CUSTODIANS | Duplicate owners of the email/text/document |
| DATE_RCVD | Date email/text was received (MM/DD/YYYY) |
| TIME_RCVD | Time email/text was received |
| FILESUBJECT | Subject value extracted from metadata of the native file |