UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTEGRATED CONNECTION, LLC,

Plaintiff,

-v-

FORTNA, INC.,

Defendant.

25-CV-07904 (JAV)

ORDER

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Integrated Connection, LLC has requested that the Court place under seal certain commercially sensitive and proprietary information included in Plaintiff's Local Rule 56.1 Statement of Material Facts and its exhibits, submitted in connection with Plaintiff's motion for partial summary judgment. *See* ECF No. 48 ("Pl. Mot. to Seal"). Specifically, Plaintiff requests that the Court place under seal: (1) the Broker-Shipper Agreement between the parties (the "Agreement"), and (2) a screenshot of the Schedule of Rates contained in the Agreement (the "Schedule"). Pl. Mot. to Seal, ¶ 1. Defendant Fortna, Inc. does not object to Plaintiff's motion to seal. *See* ECF No. 52 ("Def. Mot. to Seal"). The motions to seal are **GRANTED IN PART AND DENIED IN PART**.

The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate. First, courts must determine whether the records at issue are judicial documents, that is, whether "the item filed is relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (cleaned up). Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quotation marks omitted) (citation omitted). Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records. *Id.* at 120 (quotation marks omitted) (citation omitted).

To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 8 (1986)). "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to

judicial documents in support of finding a history of openness." *Id.* (quotation marks omitted) (citation omitted). Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quotation marks omitted) (citation omitted).

As a threshold matter, "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Id.* at 121. As to the weight of the presumption, "the presumption is of the highest" when documents have been submitted in connection with a summary judgment motion. *Id.* at 123. "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The question that remains, then, is whether "competing considerations" outweigh the presumption of judicial access and whether the requested sealings are "necessary to preserve higher values and narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120.

Plaintiff requests that the Schedule be placed under seal because it "contains commercially sensitive and proprietary business information, including rates and pricing structures." Pl. Mot. to Seal, ¶ 2. The Court routinely holds that "business secrecy interests outweigh the presumption of public access" if the public disclosure of "sensitive business information could undercut a business's competitive advantage." *Brunckhorst v. Bischoff*, 21-CV-04362 (JPC), 2024 WL 4276201, at *3 (S.D.N.Y. Sept. 24, 2024). In such cases, the Court often grants the request to seal the information even when the weight of the presumption of judicial access is at its highest. *See, e.g., Old Slip Benefits & Ins. Servs., LLC v. Allstate Ins. Co.*, 25-CV-01110 (VB), 2026 WL 2271929, at *2 (S.D.N.Y. Aug. 6, 2026). Here, Plaintiff seeks to place under seal information that its competitors could "exploit . . . to gain insight into [Plaintiff's] current business practices." *Id.; see also Hesse v. SunGard Sys. Int'l*, 12-CV-01990 (CM) (JLC), 2013 WL 174403, at *2 (S.D.N.Y. 2013) (recognizing billing rates and project pricing as categories of "proprietary business information" that should be sealed). Furthermore, Plaintiff's request to seal the Schedule is narrowly tailored enough to only affect the sensitive information at issue. Accordingly, Plaintiff has sufficiently demonstrated that its business interests in placing the Schedule under seal outweigh the presumption of judicial access.

Plaintiff requests that the Agreement be placed under seal because, in addition to containing sensitive business information, it also contains an "express confidentiality provision barring either party from disclosing the terms . . . of the Agreement." Pl. Mot. to Seal, ¶ 2. Yet "bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernstein v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018). Therefore, a confidentiality provision alone cannot serve as the basis for sealing documents in their entirety, unless Plaintiff can demonstrate ancillary considerations such as damage to business interests, competitive standing, or non-party privacy interests. *See SEC v. Ripple Labs, Inc.*, 20-CV-10832 (AT), 2023 WL 3477552, at *5-6 (S.D.N.Y. May 16, 2023). "Conclusory statements that documents contain confidential business information" are not sufficient demonstrations of such conditions because they do not provide "particular and specific . . . factshowing that disclosure would result in an injury." *United States v. Wells Fargo Bank N.A.*, 12-CV-07527 (JMF), 2015 WL 3999074 (S.D.N.Y. June 30, 2015).

Here, Plaintiff does not explain how the contents of the Agreement other than the Schedule

would result in a serious-enough injury to warrant the sealing of the entire Agreement. Plaintiff also makes no showing that the request to seal the Agreement is narrowly tailored enough to promote ancillary considerations. Accordingly, Plaintiff has failed to sufficiently demonstrate that its interests in placing the entire Agreement under seal outweigh the presumption of judicial access.

The parties are directed to file the relevant documents on the docket with only the permitted redactions by **September 28, 2026**. The Clerk of Court is directed to terminate ECF Nos. 48 and 52.

SO ORDERED.

Dated: September 22, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge